

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**Kimberly Monique Ross,**
Pro Se Plaintiff,
v.                                                         Case No. 3:25-cv-784-CWR-ASH

**Terence Ladwayne High,**
Individually and in his official
capacity as a state actor under color of law,
Owner, The High Law Firm, PLLC
Defendant.

---

### COMPLAINT FOR VIOLATIONS OF FEDERAL AND CONSTITUTIONAL RIGHTS

---

COMES NOW, Plaintiff, **Kimberly Monique Ross** ("Plaintiff"), proceeding pro se, respectfully files this Complaint against Defendant **Terence Ladwayne High** ("Defendant"), both individually and in his official capacity as a state actor under color of law, and alleges as follows:

### I. JURISDICTION AND VENUE

1. This action arises under the **Constitution and laws of the United States**, including but not limited to:
   - **42 U.S.C. § 1983** (deprivation of constitutional rights under color of law),
   - **14th Amendment** (Due Process and Equal Protection),
   - **1st Amendment** (retaliation for protected activity, including filing complaints and petitions for redress of grievances).
2. Jurisdiction is proper in this Court pursuant to **28 U.S.C. §§ 1331, 1343(a)(3)-(4)**.
3. Venue is proper in the Southern District of Mississippi, Jackson Division, under **28 U.S.C. § 1391(b)**, because the events giving rise to this

claim occurred in this District and Defendant resides and conducts business here.

## II. PARTIES

4. Plaintiff **Kimberly Monique Ross** is a 100% disabled, vulnerable adult and resident of Hinds County, Mississippi. She resides at 2957 Woodbine Street, Jackson, MS 39212.
5. Defendant **Terence L. High** is an attorney licensed in Mississippi, the owner of **The High Law Firm, PLLC**, located at 5760 I-55 North, Suite 300, Jackson, MS 39211. Defendant acted both as a private attorney and under color of state law by engaging in joint activity, influence, and improper communication with state judges, other court officials, and his clients in matters involving Plaintiff.

## III. FACTUAL BACKGROUND

6. Plaintiff and Defendant first encountered one another in 2016 in **Hinds County Chancery Court Cause No. 2014-cv-00618 and 2011-cv-703**, where Defendant entered a Notice of Appearance on behalf of Defendant's client, **Melvin Wayne Wilson**, the custodial individual of Plaintiff's minor child, Malik DeWayne Oliver Ross-Wilson born September 4, 2008.
7. From 2016 through the present, Defendant has repeatedly represented parties adverse to Plaintiff in various courts (including Hinds County Chancery Court, Rankin County Court, and Rankin County Justice Court) and has engaged in a persistent course of conduct to defame, discredit, retaliate against, and unlawfully harm Plaintiff.
8. Defendant has repeatedly made false statements in open court, claiming that Plaintiff's maternal grandmother, Ollie Morris, had guardianship of Plaintiff's minor child by an order of Hinds County Chancery Court. No such order exists, and Defendant has never produced any court record or signed order to support this claim.

9. Defendant has repeatedly **aided his client in violating visitation orders** by allowing and justifying the withholding of Plaintiff's court-ordered visitation without hearings or lawful court authorization.
10. Defendant has repeatedly **committed perjury** by presenting false facts, including claims of guardianship orders, false accusations that Plaintiff withdrew her child from school unlawfully, and fabricated allegations of Plaintiff's minor child supposed mental illness diagnosis without producing evidence.
11. Defendant has engaged in **improper ex Parte communication and influence with state court judges**, including Judge Tametrice Hodges-Linzey, resulting in biased, influenced and prejudice rulings against Plaintiff.
12. On multiple occasions, Defendant sought Plaintiff's incarceration for contempt of court for nonpayment of child support, disregarding Plaintiff's documented disability, inability to work, and need for medical treatment.
13. On February 8, 2024, during a hearing in the , Plaintiff was denied the right to fully question her own witnesses, while Defendant introduced an unlawful Holmes County Chancery Court restraining order against Plaintiff—though she was not a party to that matter and Holmes County had no jurisdiction over her.
14. On October 21, 2024, after Plaintiff sought recusal of the presiding chancery court judge, Defendant demanded attorney's fees without providing any amount. The judge nevertheless granted the request and ordered Plaintiff incarcerated for contempt, expressly forbidding her from filing further complaints or notices of intent to sue. Plaintiff was jailed for one week and suffered a stroke shortly thereafter due to the stress and denial of proper medical care.
15. Defendant has repeatedly retaliated against Plaintiff for filing **bar complaints and judicial complaints**, responding to those

complaints with defamatory statements accusing Plaintiff of mental illness and unfitness as a parent.

16. Defendant's conduct constitutes a pattern of **fraud upon the court, retaliation, conspiracy, witness tampering, actions and threat of intimidation and deprivation of Plaintiff's constitutional rights under color of law.**

## IV. CLAIMS FOR RELIEF
### COUNT I – Deprivation of Due Process and Equal Protection (42 U.S.C. § 1983; 14th Amendment)

17. Plaintiff realleges and incorporates all preceding paragraphs.

18. Defendant, acting under color of law in concert with state judges and officers, deprived Plaintiff of her constitutional rights to due process and equal protection by fabricating evidence, presenting perjured testimony, and using influence to secure biased and unlawful rulings against her.

### COUNT II – First Amendment Retaliation (42 U.S.C. § 1983; U.S. Const. amend. I)

19. Plaintiff engaged in protected activity by filing bar complaints, judicial complaints, and notices of intent to sue.

20. Defendant retaliated against Plaintiff for these activities by defaming her, demanding incarceration, and influencing judges to punish her with contempt orders, violating her First Amendment right to petition the government for redress of grievances.

### COUNT III – Fraud Upon the Court and Conspiracy (42 U.S.C. § 1983)

21. Defendant knowingly presented false statements, perjured testimony, and fabricated legal authority in multiple courts.

22. Defendant conspired with state actors, including judges and attorneys, to deprive Plaintiff of her parental rights, liberty, and property without due process of law.

### COUNT IV – Intentional Infliction of Emotional Distress and Infringement of Parental Rights (Federal Constitutional Claims)

23. Defendant's repeated misconduct caused Plaintiff severe mental anguish, emotional distress, financial hardship, and physical harm, including a stroke following her unlawful incarceration.

24. Defendant's actions directly interfered with Plaintiff's constitutional right to familial association and custody of her minor child.

## V. DAMAGES

Plaintiff has suffered:
- Loss of parental rights and contact with her minor child,
- Severe emotional distress, mental anguish, and physical harm,
- Defamation of character and reputational injury,
- Financial distress and unlawful attorney's fees,
- Violation of her constitutional rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

1. **Compensatory damages** in the amount of **$250,000**;
2. **Punitive damages** in an amount to be determined by the Court;
3. A **permanent no-contact order** preventing Defendant from contacting Plaintiff directly or indirectly;
4. **Appropriate sanctions** against Defendant for misconduct under federal law;
5. **Reimbursement** of all attorney's fees and costs wrongfully awarded against Plaintiff in state court;
6. Any and all other relief this Court deems just, equitable, and proper.

Respectfully submitted this 9 day of Oct, 2025.

_____

**/s/ Kimberly Monique Ross**
Kimberly Monique Ross
Pro Se Plaintiff
2957 Woodbine Street
Jackson, MS 39212
Phone: (769)366-4414
Email: mnqcllr@gmail.com